# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MURRAY C. WHITE, Derivatively on Behalf of AVON PRODUCTS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ANDREA JUNG, W. DON CORNWELL, V. ANN HAILEY, FRED HASSAN, MARIA E. LAGOMASINO, ANN S. MOORE, PAUL S. PRESSLER, GARY M. RODKIN, PAULA STERN, and LAWRENCE A. WEINBACH, <br><br> *Defendants,* <br><br> - and - <br><br> AVON PRODUCTS, INC., a New York Corporation, <br><br> *Nominal Defendant.* | Civil Action No. <br><br> **VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** |

Plaintiff Murray C. White, derivatively on behalf of Avon Products, Inc. ("Avon" or the Company"), files this Complaint against Defendants Andrea Jung, W. Don Cornwell, V. Ann Hailey, Fred Hassan, Maria E. Lagomasino, Ann S. Moore, Paul S. Pressler, Gary M. Rodkin, Paula Stern, and Lawrence A. Weinbach (collectively, the "Individual Defendants"), and seeks to recover derivatively on behalf of Avon for the Individual Defendants' breaches of fiduciary duty, abuse of control, waste of corporate assets, and unjust enrichment. In support thereof, plaintiff hereby states and alleges as follows:

## INTRODUCTION

1.      This is a shareholder derivative action on behalf of Avon Products, Inc. ("Avon" or the "Company") against certain officers and directors of the Company.  This action seeks to remedy the Individual Defendants' violations of law, including breaches of fiduciary duties, unjust enrichment, and waste of corporate assets that have caused substantial losses to the Company and other damages, such as to its reputation and goodwill.

2.      This action arises from the Individual Defendants' failure to conduct adequate oversight of the Company's business and operations in foreign countries, some of which are generally perceived as having less-developed legal and regulatory frameworks and cultures in which requests for improper payments are not discouraged.

3.      The Individual Defendants have allowed the Company to operate without installing and maintaining the internal controls and accounting systems necessary for the Company's compliance with the requirements of the Foreign Corrupt Practices Act (the "FCPA"), including its books and records provisions.  *See* 15 U.S.C. §§ 78dd-1, *et seq.*

4.      The FCPA makes it unlawful for covered companies such as Avon to make improper payments to foreign officials to obtain or retain business.  To prevent such bribes and kickbacks from occurring, the FCPA requires that covered companies establish and maintain a system of accounting controls to ferret out and ultimately prevent such illicit payments.

5.      Because Avon "markets its product to women in well over 100 countries through over 5 million independent Avon Sales Representatives,"[1] some of which have a higher than

---

[1]      *See* Avon Products, Inc. website at http://www.avoncompany.com/world/markets.html (last visited July 20, 2010).

normal risk of violations of the anti-corruption laws – including the FCPA – the Avon Board had a fiduciary duty to install and maintain internal controls and accounting systems in order to comply with and prevent violations of the FCPA.

6.     As a result of the Individual Defendants' breach of fiduciary duty, the Company is now being investigated by the United States Department of Justice (the "DOJ") and the United States Securities and Exchange Commission (the "SEC") for possible violations of the FCPA.  In 2008, the Company began an internal investigation of the China business unit, which has now expanded to at least 12 countries in four international business units outside of China, including Latin America.

7.     By its own admissions, the Company has lost and spent hundreds of millions of dollars as a direct result of the FCPA investigations and allegations.  Accordingly, Avon and its shareholders have been severely damaged by the Individual Defendants' misconduct.  Yet, incredibly, the Board has not commenced legal action, or taken other steps, to recover damages for Avon against its wayward fiduciaries.

8.     Plaintiff now brings this action to repair the harm that the damages caused the Company.

## JURISDICTION AND VENUE

9.     This Court has diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  For this reason, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

10.    Avon is incorporated in the State of New York and has a substantial presence in New York, operating several businesses and facilities in this state.  New York is Avon's primary place of business.  Each defendant has had substantial and continuous contacts with New York

3

that make the exercise of personal jurisdiction over them proper. Certain defendants live in and are citizens of New York.

11.     Each defendant has minimum contacts with the United States, as they either reside here or have frequently traveled here on Avon business and otherwise or have authorized acts and actions which have had a sufficient impact in the United States or on Avon's shareholders and investors residing here to justify the exercise of jurisdiction over them.

## THE PARTIES

12.     Plaintiff Murray C. White is a shareholder of Avon. Plaintiff has continuously been a shareholder of Avon since 1998. Plaintiff is a resident of the State of Florida.

13.     Nominal Defendant Avon is a New York corporation that manufactures and sells beauty and related products worldwide. Its operating headquarters are located at 1251 Avenue of the Americas, New York, New York 10020. Avon's stock is listed and traded on the New York Stock Exchange under the ticker AVP. Avon does hundreds of millions of dollars of business in the United States in general, and New York in particular, each year. Nominal party Avon maybe served with process at 1251 Avenue of the Americas, New York, New York 10020.

14.     Defendant Andrea Jung ("Jung") has been a Director of the Company since 1998, Chairman of the Board since 2001, and is and has been at all relevant times, Chief Executive Officer of the Company. Jung breached her fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records, and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Jung breached her fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in

4

the payment of illegal bribes and kickbacks to foreign officials. Defendant Jung may be served with process at Avon Products, Inc., 1251 Avenue of the Americas, New York, New York 10020.

15.     Defendant W. Don Cornwell ("Cornwell") has been a Director of Avon since 2002. Cornwell serves on the Audit and Finance Committees of the Board. Cornwell breached his fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records, and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Cornwell also breached his fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Cornwell may be served with process at Avon Products, Inc., 1251 Avenue of the Americas, New York, New York 10020.

16.     Defendant V. Ann Hailey ("Hailey") has been a Director of Avon since 2008. Hailey serves on the Audit Committee. Hailey breached her fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Hailey breached her fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Hailey may be served with process at Avon Products, Inc., 1251 Avenue of the Americas, New York, New York 10020.

5

17.     Defendant Fred Hassan ("Hassan") has been a Director of Avon since 1999. Hassan is the Chairman of the Finance Committee and serves on the Compensation Committee. Hassan breached his fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Hassan also breached his fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Hassan may be served with process at Warburg Pincus LLC, 450 Lexington Ave., New York, New York 10017.

18.     Defendant Maria E. Lagomasino ("Lagomasino") has been a Director of Avon since 2000. Lagomasino serves as Chairman of the Compensation Committee and also serves on the Nominating and Corporate Governance Committee. Lagomasino breached her fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Lagomasino also breached her fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Lagomasino may be served with process at GenSpring Family Offices, 13-15 West 54th Street, 3rd Floor, New York, New York 10019.

19.     Defendant Ann S. Moore ("Moore") has been a director of Avon since 1993. Moore serves on the Compensation and Nominating and Corporate Governance Committees.

Moore breached her fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Moore also breached her fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Moore may be served with process at Time Inc., 1271 Avenue of the Americas, New York, New York 10020.

20.     Defendant Paul S. Pressler ("Pressler") has been a Director of Avon since 2005. Pressler serves as Chairman of the Finance Committee and serves on the Audit Committee. Pressler breached his fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Pressler also breached his fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Pressler may be served with process at Clayton, Dubilier & Rice, LLC, 375 Park Ave., 18th Floor, New York, New York 10152.

21.     Defendant Gary M. Rodkin ("Rodkin") has been a Director of Avon since 2007. Rodkin serves on the Finance and Compensation Committees. Rodkin breached his fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have

occurred at Avon. Rodkin also breached his fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Rodkin may be served with process at ConAgra Foods, One ConAgra Drive, Omaha, Nebraska 68102.

22.     Defendant Paula Stern ("Stern") has been a director of Avon since 1997. Stern serves on the Finance and Nominating and Corporate Governance Committees. Stern breached her fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Stern also breached her fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and kickbacks to foreign officials. Defendant Stern may be served with process at The Stern Group, Inc., 3314 Ross Place, NW, Washington, D.C. 20008.

23.     Defendant Lawrence A. Weinbach ("Weinbach") has been a director of Avon since 1999. Weinbach serves as Chairman of the Audit Committee. Weinbach breached his fiduciary duties by failing to require Avon to implement internal controls in compliance with the FCPA or the FCPA's underlying directives regarding books, records and internal accounting, which are designed to ferret out and ultimately prevent just the type of bribery and kickbacks that have occurred at Avon. Weinbach also breached his fiduciary duties owed to Avon by failing to direct Avon to initiate suit against the Company's current and former Board members and officers for causing and/or allowing Avon to engage in the payment of illegal bribes and

8

kickbacks to foreign officials.  Defendant Weinbach may be served with process at Yankee Hill Capital Management, 300 East 42nd Street, Suite 1700, New York, New York 10017.

24.     The defendants identified in ¶¶ 14-23 are sometimes collectively referred to as "Individual Defendants."

## THE FIDUCIARY DUTIES OF AVON'S
## DIRECTORS AND OFFICERS

25.     As directors and officers of Avon, the Individual Defendants owed fiduciary duties of candor, good faith, and loyalty to the Company and its shareholders.  They are prohibited from engaging in self-dealing as well as unlawful corporate conduct, such as violations of the laws, rules, and regulations applicable to Avon and its business, including the FCPA, including its books and records provisions.

26.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of Avon, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.  Because of their executive and directorial positions with Avon, each of the defendants had access to information concerning the Company's businesses and operations in foreign countries that are generally perceived as having less developed legal and regulatory frameworks and/or cultures in which requests for improper payments are not discouraged.  Because operations in these countries involve a higher than normal risk of corruption, Avon's directors and officers had a fiduciary duty to install and administer an FCPA compliance program with controls and accounting systems sufficient to detect, deter, and ultimately prevent the improper payments that appear to be at the heart of the FCPA-related investigations.

27.     At times relevant hereto, defendants were the agents of each of the other defendants and were at all times acting within the course and scope of such agency.

9

## FACTUAL ALLEGATIONS

28.    Because Avon "markets its product to women in well over 100 countries through over 5 million independent Avon Sales Representatives,"[2] some of which have a higher than normal risk of violations of the anti-corruption laws, including the FCPA, the Avon Board had a fiduciary duty to install and maintain internal controls and accounting systems in order to comply with and prevent violations of the FCPA.

29.    As an issuer under the United States federal securities laws, Avon's business and operations are subject to the requirements of the FCPA.  The FCPA requires, among other things, covered companies to make and keep books, records, and accounts, which, in reasonable detail, accurately, and fairly reflect the transactions and dispositions of the assets of the issuer.

30.    The FCPA also requires covered companies to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's authorization; and (2) transactions are recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles ("GAAP") or any other criteria applicable to such statements, and to maintain accountability for assets.

31.    As a result of the Individual Defendants' (as defined herein) breach of fiduciary duty, the Company is now being investigated by the United States Department of Justice (the "DOJ") and the United States SEC for possible violations of the FCPA.

32.    In 2008, the Company began an internal investigation of the China business unit, which has now expanded to at least 12 countries in "four international business units outside of

---

[2]    *See* Avon Products, Inc. website at http://www.avoncompany.com/world/markets.html (last visited July 20, 2010).

China," according to CEO Jung during a conference call in May 2010. The Company's investigation into its business practices has revealed widespread and systematic problems suggesting a Company culture of promoting and/or condoning international corruption in violation of the FCPA. The details of the investigations, however, have been closely guarded and not fully disclosed to Avon's shareholders.

33. Despite millions of dollars spent, the Board disclaimed the ability "to predict duration, scope or results of the internal investigation and compliance reviews." Further, it has evasively made "no assurance as to how the resulting consequences, if any, may impact [the Company's] internal controls, business, reputation, results of operations or financial condition."

34. In February 2010, the Company finally revealed to the shareholders in its 2009 Annual Report that:

> Any determination that our operations or activities are not in compliance with existing laws or regulations could result in the imposition of substantial fines, civil and criminal penalties, equitable remedies, including disgorgement, injunctive relief and other sanctions against us or our personnel. In addition, other countries in which we do business may initiate their own investigations and impose similar sanctions.

35. At that time, Avon also revealed staggering, material losses as a result of the FCPA allegations and investigations due to losses in revenue and expenditures for an ongoing investigation by outside counsel. In fact, the Company projected in its 2009 Annual Report that it will lose no less than $214.8 million—in 2009 and 2010 alone—as a direct result of the FCPA allegations.

36. Notably, this amount does not include the 2008 losses and expenses. Further, it does not include the pecuniary penalty that Avon is likely to be required to pay in order to resolve the DOJ and SEC investigations of the Company for violations of the FCPA, including its books and records provisions. Moreover, the $214.8 million does not reflect the total costs

11

that Avon will have incurred to remedy the damage caused by defendants' failure to install and maintain the appropriate internal controls and systems for compliance with the FCPA.

37.    In April 2010, Avon suspended three of its top executives in its China business unit—its President, Chief Financial Officer, and Head of the Corporate Affairs and Government Relations Group—according to the *Wall Street Journal*.

38.    Avon also suspended Ian Rossetter of its New York office, who had been the head of internal audit at Avon until mid-2009, when he began a special assignment reporting directly to Avon Chief Financial Officer Charles Cramb.

39.    Avon has been severely damaged by defendants' misconduct. Yet, incredibly, the Board has not commenced legal action, or taken other steps, to recover damage for Avon against its wayward fiduciaries.

40.    Consequently, and by no means unintentionally, Avon shareholders were largely kept in the dark about the facts surrounding the governmental and internal investigations of the Company for possible violations of the FCPA, including its books and records provisions, until October 20, 2008. At that time the Company disclosed the following:

> Avon Products, Inc. (NYSE: AVP) announced today, October 20, 2008, that it is voluntarily conducting an internal investigation of its China operations, focusing on compliance with the Foreign Corrupt Practices Act ("FCPA"). The Company, under the oversight of the Audit Committee, commenced in June 2008 an internal investigation after it received an allegation that certain travel, entertainment and other expenses may have been improperly incurred in connection with the Company's China operations. The company has voluntarily contacted the Securities and Exchange Commission and the United States Department of Justice to advise both agencies that an internal investigation is underway. The internal investigation is in its early stage and no conclusion can be drawn at this time as to its outcome.

## DAMAGES TO AVON

41.    Although the investigations into Avon for possible violations of the FCPA are ongoing, Avon has been, and will continue to be, severely damaged and injured by the Individual Defendants' misconduct.  Further, as a direct and proximate result of the Individual Defendants' conduct, Avon has expended and will continue to expend significant sums of money.  Such expenditures include, but are not limited to:

        a.     costs incurred from responding to the investigation into FCPA violations;

        b.     costs incurred from compensation and benefits paid to defendants that breached their duties to the Company;

        c.     amounts paid to foreign officials in violation of the FCPA; and

        d.     any fines that are a result of the Company's violations of the FCPA.

42.    In addition, Avon's business, goodwill, and reputation with its business partners, regulators, and shareholders have been gravely impaired.

43.    Moreover, these actions have irreparably damaged Avon's corporate image and goodwill.  For at least the foreseeable future, Avon will suffer from what is known as the "liar's discount," a term applied to the stocks of companies who have been implicated in illegal behavior and have misled the investing public, such that Avon's ability to raise equity capital or debt on favorable terms in the future is now impaired.

## DERIVATIVE ALLEGATIONS

44.    Plaintiff brings this action for the benefit of Avon to redress injuries suffered, and to be suffered, by Avon as a result of the defendants' violations of law, as well as the aiding and abetting thereof.  Avon is named solely as a nominal party in this action.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

13

45.     Plaintiff is and has been an Avon shareholder since 1998.   Plaintiff will adequately and fairly represent the interests of Avon in enforcing and prosecuting its rights.

## DEMAND FUTILITY ALLEGATIONS

46.     Plaintiff brings this action derivatively on behalf of Avon to redress injuries suffered, and to be suffered, by Avon as a result of the defendants' breaches of fiduciary duties and related violations of law.  Avon is named as a nominal party solely in a derivative capacity.

47.     Plaintiff is and has been continuously an Avon shareholder since January 1998. Plaintiff will adequately and fairly represent the interests of Avon in enforcing and prosecuting its rights.

48.     Under New York law, a pre-suit demand on the Avon Board is futile, and therefore, excused.  This is because, despite knowing the higher than normal risk of corruption in countries like China, Defendants still conducted Avon's business and operations without establishing and maintaining internal controls and accounting systems for compliance with the FCPA.  By doing so, defendants deprived Avon of the internal controls and systems necessary to satisfy the requirements of the FCPA, thereby exposing the Company to severe damage and injury.  Consequently, defendants face a substantial risk of liability for breach of good faith and loyalty, rendering them unable to fairly and objectively evaluate a pre-suit demand.  Thus, demand on the Board is futile, and therefore, excused.

49.     The current Board of Avon consists of the following ten individuals: Defendants Jung, Cornwell, Hailey, Hassan, Lagomasino, Moore, Pressler, Rodkin, Stern, and Weinbach. These Defendants have failed to exercise reasonably appropriate oversight over the internal controls involving the FCPA.

50.     Defendants ignored, consciously disregarded and/or were reckless in not establishing internal controls that would have been compliant with the FCPA and the FCPA's underlying directives regarding books, records, and controls. As such, Avon did not (and could not) make and keep books, records, and accounts, which, in reasonable detail: (1) accurately and fairly reflected the transactions and dispositions of the assets of Avon; (2) provided reasonable assurances that transactions were executed in accordance with management's general or specific authorization; and (3) were recorded as necessary to permit preparation of financial statements in conformity with GAAP. Thus, demand on the Board is futile, and therefore, excused.

51.     Defendants have refused to take action against those who are responsible for conducting Avon's business in China and other countries without installing and maintaining internal controls for compliance with the FCPA, including themselves. Defendants have demonstrated their unwillingness and/or inability to act in compliance with their fiduciary obligations and/or to sue themselves and/or their fellow directors and allies in the top ranks for the corporation for the violations of law complained of herein. These are people that defendants have developed professional relationships with, who are their friends and with whom they have entangling financial alliances, interests and dependencies, and therefore, they are not able to and will not vigorously prosecute any such action. Thus, demand on the Board is futile, and therefore, excused.

52.     Defendants' decision to deprive Avon of FCPA-compliant internal controls resulted in the inability to ensure that the payments made on Avon's behalf were accurately reflected in the Company's books and records, in direct contravention of the FCPA. The fact that the improper payments under investigation in China and 12 other countries appear to have occurred over the course of multiple years demonstrates that Avon lacked internal controls to

prevent or detect such improper payments that the improper payments were not properly accounted for. Moreover, operating Avon in countries with a higher than normal risk of corruption without implementing and maintaining internal controls for compliance with the FCPA, including its books and records provisions, is not a decision entitled to business judgment protection. Thus, demand on the Board is futile, and therefore, excused.

53.     As particularized herein, to properly prosecute this lawsuit, Avon directors would have to sue themselves and the other defendants, requiring them to expose themselves and their comrades to tens of millions of dollars in civil liability and/or sanctions. This they will not do. A majority of the defendants are exposed to potential liability for operating Avon without the internal controls for FCPA compliance that would have detected and prevented the improper payments that appear to have occurred in China and at least 12 other countries over an extended period of time. Thus, demand on the Board is futile, and therefore, excused.

54.     The members of Avon's Board have benefitted, and will continue to benefit, from the wrongdoing herein alleged and have engaged in such conduct to preserve their positions of control and the perquisites derived thereof, and are incapable of exercising independent objective judgment in deciding whether to bring this action. Likewise, these defendants have and will continue to receive substantial remuneration predicated upon Avon's results. The acts complained of herein have resulted in economic benefits to Avon – as well as to defendants through their increased and continuing compensation – without corresponding recognition or accounting for the correlated liability and risk that Avon was subject to as a result of these schemes. Defendants, through their course of conduct to date, have demonstrated their unwillingness to seek appropriate relief for the overpayment of this compensation once the risk is

accounted for and the penalties and costs are reconciled into Avon's balance sheet. Thus, demand on the Board is futile, and therefore, excused.

55.     Avon has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet, Avon's Board has not filed any lawsuits against defendants or others who were responsible for the wrongful conduct to attempt to recover for Avon any part of the damages Avon suffered and will suffer thereby. Thus, demand on the Board is futile, and therefore, excused.

56.     Avon's officers and directors are protected against personal liability for their acts of mismanagement, waste, and breach of fiduciary duty alleged in this Petition by directors' and officers' liability insurance which they caused the Company to purchase for their protection with corporate funds, *i.e.*, monies belonging to the stockholders of Avon. However, due to certain changes in the language of directors' and officers' liability insurance policies in the past few years, the directors' and officers' liability insurance policies covering the defendants in this case contain provisions that eliminate coverage for any action brought directly by Avon against these defendants, known as, *inter alia*, the "insured versus insured exclusion." As a result, if these directors were to sue themselves or certain of the officers of Avon, there would be no directors' and officers' insurance protection and thus, this is a further reason why they will not bring such a suit. On the other hand, if the suit is brought derivatively, as the action is brought, such insurance coverage exists and will provide a basis for the Company to effectuate a recovery. Thus, demand on the Board is futile, and therefore, excused.

## FIRST CAUSE OF ACTION
### Against All Defendants for Breach of Fiduciary Duty

57.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

58.     Each defendant owes and owed to the Company the duty to exercise candor, good faith, and loyalty in the management and administration of Avon's business and affairs, particularly in foreign countries with less developed legal and regulating frameworks and/or that are generally perceived as having cultures that do not discourage improper payments to obtain or retain business.

59.     Defendants' conduct set forth herein was due to their intentional, reckless, or negligent breach of the fiduciary duties they owed to the Company, as alleged herein. Defendants intentionally, recklessly, or negligently breached or disregarded their fiduciary duties to protect the rights and interests of Avon.

60.     In breach of their fiduciary duties owed to Avon, defendants willfully participated in and caused the Company to waste its valuable assets and otherwise to expend unnecessarily its corporate funds, and failed to properly oversee Avon's business, rendering them personally liable to the Company for breaching their fiduciary duties.

61.     As a direct and proximate result of defendants' breaches of their fiduciary obligations, Avon has sustained and continues to sustain significant damages.  As a result of the misconduct alleged herein, defendants are liable to the Company.

## SECOND CAUSE OF ACTION
### Against All Defendants for Abuse of Control

62.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

18

63.     Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Avon, for which they are legally responsible.

64.     As a direct and proximate result of defendants' abuse of control, Avon has sustained significant damages.

65.     As a direct and proximate result of defendants' breaches of their fiduciary obligations of candor, good faith, and loyalty, Avon has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, defendants are liable to the Company.

## THIRD CAUSE OF ACTION
### Against All Defendants for Waste of Corporate Assets

66.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

67.     As a result of the foregoing misconduct, defendants have caused Avon to waste valuable corporate assets.

68.     As a direct and proximate result of defendants' breaches of their fiduciary obligations of candor, good faith, and loyalty, Avon has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, defendants are liable to the Company.

## FOURTH CAUSE OF ACTION
### Against All Defendants for Unjust Enrichment

69.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

70.     By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of Avon.

71.     Plaintiff, as a shareholder and representative of Avon, seeks restitution from these defendants, and each of them, and seeks an order of this Court requiring defendants to disgorge all profits, benefits, and other compensation obtained as a result of their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

FOR THESE REASONS, plaintiff demands judgment in the Company's favor against all defendants as follows:

A.     Declaring that plaintiff may maintain this action on behalf of Avon and that plaintiff is an adequate representative of the Company;

B.     Declaring that the defendants have breached and/or aided and abetted the breach of their fiduciary duties to Avon;

C.     Determining and awarding to Avon the damages sustained by it as a result of the violations set forth above from each of the defendants, jointly and severally, together with interest thereon;

D.     Directing Avon and the Board to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect Avon and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote the following resolutions for amendments to the Company's By-Laws or Articles of Incorporation; and the following actions as may be necessary to ensure proper Corporate Governance Policies:

1.     a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board;

20

2. a provision to permit the shareholders of Avon to nominate at least three candidates for election to the Board;

3. a proposal to ensure the establishment of effective oversight of compliance with applicable laws, rules, and regulations;

E. Determining and awarding to Avon exemplary damages in an amount necessary to punish defendants and to make an example of defendants to the community according to proof at trial;

F. Awarding Avon restitution from defendants, and each of them;

G. Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs, and expenses; and

H. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 21, 2010

Respectfully Submitted,

HARWOOD FEFFER LLP

*James G. Flynn*

Robert I. Harwood
Daniella Quitt
James G. Flynn
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

21

*Of Counsel:*

GOLDFARB BRANHAM LLP
Charles W. Branham, III
Hamilton Lindley
2501 N. Harwood, Ste. 1801
Dallas, TX 75201
Telephone: (214) 583-2233
Facsimile:  (214) 583-2234

*Attorneys for Plaintiff*

## <u>VERIFICATION</u>

I, Murray C. White, have read the Verified Shareholder Derivative Complaint and know the contents thereof.  The complaint is true and correct to the best of my knowledge and belief.  I declare under penalty of perjury the foregoing is true and correct.

Dated: _07/13/10_

MURRAY C. WHITE